## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

**Parties.** The parties to this Mutual Release and Settlement Agreement ("Agreement") are Brock M. Weidner ("Weidner") and Ford Motor Credit Company ("Ford Credit") Weidner and Ford Credit are sometimes referred to herein as the "Party or Parties" as the context may require.

**Recitals.** This Agreement is entered into with reference to the following facts:

A. Weidner filed suit against Ford Credit in the Superior Court for the State of Alaska, Juneau, Alaska captioned 1JU-06 ("Action").
B. The allegations in the Action arise out of a retail contract dated July 8, 1996 for a 1996 Ford Contour, VIN 1FALP67L5TK166640 ("Vehicle"), designated by Ford Credit as Account No. FXA294E713 ("Account").
C. The allegations in the Action are incorporated herein by reference for the purpose of explaining the claims being made in the Action. The Parties now desire to end all further disputes between them and, in good faith, to terminate these claims.

**Consideration.** In consideration for the terms and provisions of this Agreement, the Parties agree as follows:

A. Ford Credit will request Equifax, Experian (formerly TRW), and TransUnion (collectively, "Credit Bureaus") to delete from their records the trade line with respect to the Account. Weidner understands that the credit bureaus are separate and distinct entities from Ford Credit and that Ford Credit can only request, but cannot guarantee, that this information will be deleted or will remain deleted from his credit history. Nevertheless, Ford Credit agrees, within 30 days from receipt of a signed copy of this Agreement, to provide to Weidner, or his authorized representative, a copy of the request submitted by Ford Credit to the Credit Bureaus requesting the trade line deletion of the Account. Weidner's only remedy against Ford Credit for breach of this provision is specific performance and no damages shall be recoverable from Ford Credit for breach of this provision.
B. Ford Credit will send via Airborne to Weidner the duplicate title for the Vehicle.
C. Weidner will file the necessary document(s) with the court to dismiss the Action, with prejudice. Weidner will provide to Ford Credit a copy of the filed dismissal, by providing a copy to Ford Credit's representative as follows: Sarah Rocha, Legal Assistant, Ford Motor Credit Company, One American Road, Dearborn, MI 48121.

**General Release.** Each Party hereto and each of their successors and assigns do hereby relieve, release and discharge the other parties hereto, and each of their subsidiaries, successors, attorneys, insurers, representatives, employees, agents, affiliates, parents, partners, officers, directors, and stockholders and each of them, from any and all claims, debt, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses, damages, actions, causes of action and claims, for relief of any kind, under any theory, whether known or unknown, suspected or unsuspected, with respect to claims the Parties have which are or could be based on the matters or facts in the Action.

**Representations and Warranties.** The Parties represent, warrant, and agree that this Agreement is the entire agreement between the Parties hereto with regard to the Action, Vehicle, and/or Account. There are no other agreements, understandings, or representations by the Parties other than those contained in this Agreement, and, further, the terms of this Agreement are contractual and not mere recitals. Additionally, this Agreement applies only to the Account, and does not cover any other accounts, if any, past, present, or future between the Parties.

The Parties further warrant and represent that they are the sole owners of whatever causes of action may have come into existence by reason of the events which gave rise to this Agreement or the Action, Vehicle, and/or Account, or which could have been asserted in the Action, that there are no subrogation claims, liens, or assignments in law or equity, or otherwise of, or against, or relating to the claims, rights, powers, or causes of action released herein.

**Accord and Satisfaction.** It is expressly understood and agreed by the Parties hereto that the above constitutes full accord and satisfaction in compromise of disputed claims and that the mutual dismissals and releases are not to be

construed as an admission of liability on the part of the Parties hereby released by whom liability is expressly denied.

**Successors and Assigns.** This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the Parties hereto, and each of them.

**Subsequent Attorneys' Fees.** In the event any Party to this Agreement brings any action, suit, or other proceeding against any other Party hereto contesting the validity hereof, or attempting to rescind, negate, enforce, modify or reform this Agreement, or any of the terms or provisions hereof, the prevailing party shall recover its reasonable attorneys fees incurred in each and every such action, suit, or other proceeding, including any and all appeals or petitions therefrom.

**Integration.** This Agreement constitutes a single integrated written contract expressing the entire agreement of the Parties relating to this Action, Vehicle, and/or the Account. No covenants, agreements, representations, or warranties of any kind have been made by any Party hereto, except as specifically set forth herein. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by this Agreement.

**Severability.** In the event that any provision of this Agreement shall be held void, voidable, or unenforceable, the remaining portions shall remain in full force and effect.

**Execution in Counterparts.** This Agreement may be executed and delivered in counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement.

**Governing Law.** This Agreement shall be construed in accordance with, and be governed by, the laws of the State of Alaska.

**THE UNDERSIGNED PARTIES HAVE READ THE FOREGOING AGREEMENT AND FULLY AGREE TO BE BOUND BY ITS TERMS. THE PARTIES ACKNOWLEDGE AND REPRESENT THAT THEY ENTER INTO THIS AGREEMENT OF THEIR OWN WILL AND NOT DUE TO ANY REPRESENTATION, COMMITMENT, PROMISE, PRESSURE, OR DURESS FROM ANY OTHER PARTY.**

Dated: _____

_____
Brock M. Weidner

FORD MOTOR CREDIT COMPANY

Dated: _____

By _____
    Ann O. Lee
Its: Authorized Representative