Steven S. Tervooren
Hughes Bauman Pfiffner
 Gorski & Seedorf LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 274-7522
sst@hbplaw.net

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BROCK M. WEIDNER,<br><br>              Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, et al.,<br><br>              Defendants. | CASE NO. 1:06-CV-00006-JWS |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Ford Motor Company ("Ford") moves this honorable Court to dismiss the Complaint of Plaintiff Brock M. Weidner ("Plaintiff") in its entirety because this Court lacks original jurisdiction, is barred by the statute of limitations, fails to state a claim upon which relief may be granted and because Plaintiff failed to adequately establish class certification. The reasons for this Motion are set forth more fully in the attached Memorandum in Support, incorporated herein.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 1 of 10

I.      INTRODUCTION

On April 14, 2006, Plaintiff filed his action against Defendants Ford and Ford Motor Credit Company relating to his 1996 Ford Contour SE, which he purchased on July 8, 1996.  (Complaint ¶ 3.)  Although it is unclear from the Complaint exactly what claims Plaintiff is alleging, it appears that he seeks recovery based on (1) manufacturing or design defects and (2) seeking class certification and a court order requiring Ford to fix Contours of other Ford owners having similar defects and to notify owners of the recalls.

Plaintiff's Complaint must be dismissed.  Plaintiff failed to plead the jurisdictional requirements mandated by federal statute and this Court, therefore, lacks jurisdiction to hear the case.  Additionally, Plaintiff's Complaint fails to state a claim upon which relief may be granted and it is barred by the statute of limitations.  Finally, Plaintiff's Complaint fails to adequately set forth the requirements for class certification.  Accordingly, his Complaint should be dismissed in its entirety.

II.     LAW AND ARGUMENT

   A.   <u>This Court Lacks Original Jurisdiction Because The Amount In Controversy Does Not Satisfy The $75,000 Requirement.</u>

Plaintiff filed his action in federal court and, because he failed to delineate any federal question, he filed presumably based on diversity of citizenship.  (See Complaint ¶ 2, stating "Defendants are both out-of-state corporations [sic] . . .".)  As a diversity case, Plaintiff's Complaint falls far short of the $75,000 amount in controversy requirement mandated by federal statute and should be dismissed.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 2 of 10

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994). In order to provide a neutral forum for what have come to be known as diversity cases, Congress granted district courts original jurisdiction in civil actions between citizens of different States. 28 U.S.C. § 1332. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) mandates that the matter in controversy in a diversity case exceed a specified amount, currently $ 75,000. 28 U.S.C. § 1332(a); see also, *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S. Ct. 2611, 2616-17, 162 L.Ed. 2d 502 (1995).

In this case, Plaintiff demands only $710.00 in damages, falling far short of the required $75,000. (Complaint, Demand.) In fact, this is exactly the type of case the amount in controversy requirement seeks to prevent in the federal courts—a minor dispute involving less than $1,000.

Any attempt by Plaintiff claiming that the aggregate of the class members' damages will exceed $75,000 should be rejected by the Court. It is well-settled that Plaintiff may not aggregate the separate and distinct claims of all the alleged class members—here, other Ford Contour owners having similar defects—to meet the jurisdictional threshold. *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1093, 22 L.Ed. 2d 319 (1969) (affirming dismissal of case that did not allow aggregation of damages in class action lawsuit to meet amount in controversy requirements). In this situation, each

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 3 of 10

individual class members "repair" could be different, resulting in a different amount of damages. Thus, each "class member" has a separate and distinct claim, preventing aggregation of their damages to satisfy the amount in controversy requirement. Accordingly, Plaintiff's Complaint should be dismissed for lack of jurisdiction.

> B. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint Should Be Dismissed Because No Private Cause Of Action Exists For Ford's Failure To Notify Plaintiff Of A Recall.

In his Complaint, Plaintiff complains that Ford issued a recall relating to a heater switch and a check engine light, but failed to notify him of the recalls. (Complaint ¶ 5.) Additionally, in his Demand, Plaintiff seeks an order requiring Ford to notify other Ford owners of the "applicable recalls." Assuming for the sake of argument that this Court has original jurisdiction over this case, Plaintiff's Complaint should still be dismissed because he has no private cause of action against Ford for failing to notify him of any recall.

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian*

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 4 of 10

*Clewer, Inc. v. Pan Am. World Airways, Inc.*, 674 F. Supp. 782, 785 (C.D. Cal. 1986). A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Vignolo*, 120 F.3d at 1077.

Pursuant to 49 U.S.C. § 30121(b), only the United States Secretary of Transportation is vested with the authority to bring a civil action against a motor vehicle manufacturer for an alleged failure to comply with the notification requirements of voluntary recalls. Furthermore, the corresponding civil penalty section, 49 U.S.C. § 30165, nowhere suggests or provides for a private cause of action for damages on behalf of an aggrieved consumer. To the contrary, the sole remedy granted to members of the consuming public are set forth in 49 U.S.C. § 30118(e), which provides that "any interested person" may file a petition with the Secretary of Transportation and request that it conduct hearings to determine whether a manufacturer has complied with the recall notification procedures. Even then the only remedy specified, "[i]f the Secretary decides that the manufacturer has not reasonably met the notification requirements," is an order from the Secretary requiring the manufacturer to "take specified action to meet those requirements."

Thus, if Plaintiff has an issue with any recall issued by Ford, his remedy is to file a petition with the Secretary of Transportation. In addition, the Secretary of Transportation is the only entity that can bring an action against Ford for failure to notify consumers of a recall. Accordingly, this Plaintiff fails to state a claim upon which relief may be granted and Plaintiff's Complaint should be dismissed.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 5 of 10

C. <u>Plaintiff's "Manufacturing Defect" Claim Is Barred By The Statute Of Limitations</u>.

In paragraph 5, Plaintiff claims that he has discovered various manufacturing or design defects on the 1996 Ford Contour. (See Complaint.) Assuming all allegations in Plaintiff's favor (including that this Court has original jurisdiction to hear this case), his lawsuit is barred by the statute of limitations and should be dismissed.

In this case, Plaintiff claims that he discovered various manufacturing or design defects in his 1996 Ford Contour. If Plaintiff's claim were properly characterized as sounding in tort (product liability) Alaska law would impose a two year statute of limitations. AS 09.10.070. Nearly 10 years has passed since Plaintiff purchased his 1996 Ford Contour. Using the sale date of July 8, 1996 as the starting date, the statute of limitations expired on July 8, 1998. Plaintiff's claim is time-barred and should be dismissed.

Moreover, while AS 09.10.070 would bar a product liability claim, Plaintiff's claim is not properly characterized as one sounding in product liability. Plaintiff's claim must be characterized by the alleged facts, not the choice of theories by counsel. There is no allegation of an accident or injury to any person or property. This matter involves nothing more than an allegation that vehicle components wore out (corroded in the case of the springs) or ceased to operate properly (in the case of the heater switch and check engine light). The court should treat Plaintiff's claim for what it is most fairly characterized as – a time barred warranty claim.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 6 of 10

If deemed an express warranty claim, the action fails contractually due to both the passage of time (nearly ten years) and mileage (approximately 85,000 miles). The express warranty applicable to 1996 Contour models was limited to the lesser of three (3) years or 36,000 miles.[1] Plaintiff tacitly recognizes as much, having chosen not to allege facts or invoke language of warranty in his complaint. If characterized as an implied warranty claim, the action fails since the four year statute in Alaska for implied warranty claims runs from the date of original sale, irrespective of when the defect manifests itself. *Armour v. Alaska Power Authority*, 765 P.2d 1372 (Alaska 1988) (neither the implied warranty of merchantability or the implied warranty of fitness for intended purpose extend to future performance, and thus, under Alaska's version of Uniform Commercial Code, the four year statute of limitations for breach of implied warranty begins to run on date product is purchased, rather than on date injury occurs).

### D. Plaintiff Fails To Set Forth The Minimal Requirements Necessary For Class Certification.

Assuming that this Court has original jurisdiction and that Plaintiff has stated a claim upon which relief may be granted, this Court should still deny Plaintiff's application for class certification because he has failed to meet his burden set forth by Fed. R. Civ. P. 23.

---

[1] Pertinent pages from the Ford 1996-Model Warranty Information Booklet are attached as Exhibit 1. The three (3) year / 36,000 mile limitation on warranty coverage is set forth at pages 5 and 9 of the booklet (pages 2 and 6 of the exhibit). Although not applicable to the issues presented, pages 6-8 of the booklet are provided since they are referenced on page 5, to demonstrate that the "other" coverages and services do not serve to expand the three (3) year / 36,000 mile limitation on warranty coverage for the issues complained of by Plaintiff.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 7 of 10

Class actions are governed by Federal Rule of Civil Procedure 23. Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996). While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977).

As the party seeking class certification, Plaintiff bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defense of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In this case, Plaintiff seeks class certification to "force Defendant to fix Contours of other Ford owners having similar defects and that Defendant be ordered to actually notify other Ford owners of the applicable recalls." (Complaint, Demand.) Despite his request for class certification, there is no indication that Plaintiff has met any of the requirements set forth by Fed. R. Civ. P. 23(a).

Plaintiff fails to meet the first requirement. While there may be numerous owners of the 1996 Ford Contour, presumably these owners, if they similarly experienced any of Plaintiff's alleged "manufacturing defects," brought their lawsuit within the two-year

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 8 of 10

statute of limitations and the matter has been adjudicated.[2] There is absolutely no indication whatsoever that anyone other than Plaintiff experienced these specific concerns.

Likewise, Plaintiff fails to meet the second requirement, which requires questions of law or fact common to the class. Plaintiff, as the party seeking class certification, bears the burden of showing that common questions of law or fact predominate. *Hanon*, 976 F.2d at 508. Nonetheless, as outlined above, Plaintiff (and any other "similarly situated 1996 Ford Contour owners") does not have a private cause of action to require Ford to issue recalls. This activity is vested solely with the Secretary of Transportation. Additionally, there is no similar question of law relating to manufacturing defect, because his claim is barred by Alaska's statute of limitations. Essentially, Plaintiff lacks any law to substantiate his case. Similarly, any other Alaska class member would likewise lack any legal foundation for similar claims.

Moreover, the question of law at issue is not similar: the laws of product liability vary from state to state, as well as the statute of limitations for asserting such claims. The owners of Ford Contours span the nation, covering nearly every State in the Union. Because there is such a wide variety of state law to consider, it would be impractical for this Court to consider the products liability law from every State. Certifying this class will not result in judicial economy; rather, it would impede it by clogging the docket with a case requiring briefing on every State's products liability law.

---

[2] Conversely, if they brought the matter after the statute of limitations expired, their claims were time-barred.

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 9 of 10

Plaintiff fails to set forth any facts that support that his claims are representative of the class and that he is able to fully and adequately protect the class. Accordingly, Plaintiff fails to set forth the requirements for class certification and his request should be denied.

III.  CONCLUSION

For the reasons set forth above, Ford respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

RESPECTFULLY SUBMITTED this 18th day of May, 2006.

HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF LLC
Attorneys for Defendant Ford Motor Company

By:  /s
Steven S. Tervooren
Alaska Bar No. 7910085

3900 C Street, Suite 1001
Anchorage, Alaska 99503
907-263-8225/907-263-8320 (fax)
sst@hbplaw.net

246878

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served electronically on Brock M. Weidner this 18th day of May, 2006.

s/
  Steven S. Tervooren

*Ford Motor Company's Motion to Dismiss*
*Weidner v. Ford Motor Co., et al.*, Case No. 1:06-CV-00006-JWS
Page 10 of 10